UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

LLOYD McKENZIE,                                    Civil File No. 07-3413 (MJD/SRN)

       Plaintiff,

  v.                                               **REPORT AND RECOMMENDATION**

DEAN FROKJER, JERRY HOLEMAN,
STEVEN LARSON, ZDENEK KORINEK,
J. VARS, CHRIS IDE, and HANSON,

      Defendants.

_____

      Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights,

Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of

Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.)  The matter is presently before the

undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for

a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim

on which relief can be granted as to several of the named Defendants, and it will therefore

be recommended that this action be summarily dismissed as to those Defendants.

**I.  BACKGROUND**

      Plaintiff alleges that on May 11, 2007, he was returned to prison from a court

appearance.  During the course of his re-entry into the prison, he uttered an obscenity at

two of the prison officials who were with him – Defendant Sgt. Dean Frokjer, and Defendant

Sgt. Jerry Holeman.  Frokjer allegedly responded by punching Plaintiff on the side of his

face.  Thereafter, Defendants Frokjer and Holeman allegedly "started kneeing" Plaintiff in

his sides "with the rest of the staff member[s] standing around laughing and patting each

other on there [sic] backs saying other officers was [sic] doing a good job."  Frokjer and Holeman then allegedly placed handcuffs on Plaintiff in a manner that allegedly left permanent marks on his wrist.

Based on these allegations, Plaintiff is attempting to bring a civil rights action against Frokjer, Holeman, and five other Defendants identified as Steven Larson, Zdenek Korinek, J. Vars, Chris Ide, and Hanson.  Plaintiff is seeking "compensatory damages, general damages, pecuniary damages, actual damages [and] punitive damages."

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several named Defendants, because Plaintiff's complaint fails to state any actionable claim against them.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege historical <u>facts</u>, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such

2

pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint <u>must contain specific facts</u> supporting its conclusions") (emphasis added); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's <u>personal</u> involvement in alleged constitutional wrongdoing. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth <u>specific factual allegations</u> showing what <u>each named defendant</u> allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against Defendants Steven Larson, Zdenek Korinek, J. Vars, Chris Ide, and Hanson, because it does not contain any factual allegations describing anything that any of those named Defendants purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, none of those five Defendants is even mentioned in the

meager substantive allegations of Plaintiff's complaint.  There certainly are no specific factual allegations describing how each of those individual Defendants purportedly violated Plaintiff's federal constitutional rights.  Therefore, Plaintiff has failed to state a cause of action on which relief can be granted as to those Defendants.

## III.  CONCLUSION

Because Plaintiff has failed to state an actionable claim for relief against Defendants Steven Larson, Zdenek Korinek, J. Vars, Chris Ide, and Hanson, the Court recommends that this action be summarily dismissed as to those Defendants, pursuant to 28 U.S.C. § 1915A(b).  The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other two named Defendants, Dean Frokjer and Jerry Holeman, and Plaintiff will be allowed to pursue his claims against those Defendants at this time.

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's claims against Defendants Steven Larson, Zdenek Korinek, J. Vars, Chris Ide, and Hanson be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2.  Plaintiff's claims against the two remaining Defendants, Dean Frokjer and Jerry Holeman, be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated:   August 29, 2007

　s/ Susan Richard Nelson　
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by

filing with the Clerk of Court, and serving all parties by **September 14, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.