UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lloyd McKenzie,                                     Civil File No. 07-3413 (MJD/SRN)

      Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

Dean Frokjer, Jerry Holeman,
Steve Larson, Zdenek Korinek,
Jeff Vars, Chris Ide, and
Stephanie Hanson,

      Defendants.

_____

    Lloyd McKenzie, *pro-se*, 6345 Lyndale Ave. South, Richfield, MN 55423.

    Margaret E. Jacot, Minnesota Attorney General's Office, Suite 1100, 445 Minnesota St., St. Paul, MN 55101, for Defendants.

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss [Docket No. 30].[1] This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part.

I.   **Factual Background**

Plaintiff Lloyd McKenzie was a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota at the time he alleges his civil rights were violated under 42 U.S.C. § 1983 during an altercation between himself and certain prison officers.

---

[1] Plaintiff has also moved for the appointment of counsel [Docket No. 19]. That Motion will be addressed in a separate Order accompanying this Report and Recommendation.

1

Plaintiff alleges that on May 11, 2007, as he was returned to prison from a court appearance, Plaintiff was directed to remove his shoes by Defendant Sgt. Jerry Holeman and Defendant Sgt. Dean Frokjer.  Dissatisfied with Holeman and Frokjer's "attitude," Plaintiff admits to uttering an obscenity to Holeman and Frokjer.  Plaintiff alleges that Frokjer responded to the obscenity by hitting or punching Plaintiff in the head, and then pushed Plaintiff to the ground with such force that he hit his head on the floor and was bleeding.  Then, Plaintiff alleges, Defendant Steven Larson and other officers, Defendants Zdenek Korinek, Jeff Vars, Chris Ide, and Stephanie Hanson, held Plaintiff down while Frokjer and Holeman kneed Plaintiff in his sides.  Plaintiff also alleges that subsequently Frokjer "took his fist and put it up under my chin and with all his might he pushed upwards."  Finally, Plaintiff contends that another officer (unidentified by Plaintiff), pulled the back of Plaintiff's shirt "so hard" that Plaintiff "could not breathe" and he "black[ed] out" for 15 to 20 seconds.

Defendants answered the Amended Complaint on March 26, 2008 [Docket No. 21].  Defendants deny that Frokjer punched Plaintiff in the face.  Defendants contend that after Plaintiff refused to take off his shoes, the Defendants initiated a restraint, pushed Plaintiff against the door, and "the door opened and they all fell to the floor." Defendants deny that Frokjer or Hanson kneed Plaintiff, deny that Frokjer hit Plaintiff in the chin, and generally deny that any of the Defendants assaulted Plaintiff or used excessive force.

## II.     PROCEDURAL HISTORY

Plaintiff originally initiated this suit on July 20, 2007 [Complaint, Docket No. 1]. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), this Court screened the

2

original Complaint under 28 U.S.C. § 1915A and issued a Report & Recommendation on August 29, 2007, recommending that Plaintiff's claims against Defendants Larson, Korinek, Vars, and Hanson be dismissed because the Complaint did not make any allegations concerning those defendants, nor did the Complaint make any allegations as to how those defendants violated Plaintiff's civil rights. [Docket No. 6]. Plaintiff then filed an objection to the Report and Recommendation [Docket No. 7]. District Judge Michael J. Davis adopted this Court's Report and Recommendation and Plaintiff's claims against Larson, Korinek, Vars, Ide and Hanson were dismissed. [Docket No. 13].[2]

Before Judge Davis issued the Order adopting the Report & Recommendation, Plaintiff filed a Motion to Amend the Complaint [Docket No. 12] seeking to amend to cure the defects outlined in the Report & Recommendation. Before this Court could rule on the Motion to Amend, Plaintiff filed an Amended Complaint [Docket No. 15]. The Amended Complaint alleged that the previously dismissed Defendants all "played a part in this attack" by either using too much force themselves or by failing to stop the alleged assault by the other officers. On November 13, 2007, this Court issued an Order on Plaintiff's Motion to Amend and the Amended Complaint that was filed after the Motion to Amend [Order, Docket No. 18]. The Court ordered that the Motion to Amend was denied for failing to comply with Local Rule 15.1, which requires a party to attach a copy of the proposed amended pleading to a motion to amend [Order at 2]. However, because Plaintiff was not required to seek leave of the court to amend the Complaint, this Court determined that the Amended Complaint would be accepted and treated as

---

[2] Plaintiff originally appealed Judge Davis' Order to the Eighth Circuit [Docket No. 16], but subsequently withdrew the Notice of Appeal [Docket No. 17].

the operative pleading in the case and Plaintiff would be allowed to proceed with his claims against Defendants Larson, Korinek, Vars, Ide and Hanson [Order at 2]. Defendants answered the Amended Complaint on March 26, 2008 [Docket No. 21] and moved to dismiss the case on October 28, 2008 [Docket No. 30].[3] Plaintiff did not file any papers or briefs in response to Defendants' Motion to Dismiss.

### III. DISCUSSION

#### A. Standard of Review

Defendants move to dismiss the case pursuant to Fed. R. Civ. P. 12(h)(2) and 12(c). A defendant may make a motion for failure to state a claim by making a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). That rule allows a party to move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay the trial.[4] The standard of review for Rule 12(c) motions is the same as that for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 660 (8th Cir. 2009).

The Federal Rules of Civil Procedure only require that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[3] After Defendants answered but before they moved to dismiss, Plaintiff filed with the court three statements by other prisoners [Docket Nos. 25-27]. Document No. 25 entitled "Declarations [sic] Kennth [sic] Wallace" is a sworn and notarized affidavit. Document No. 26 entitled "Declarations [sic] Raymond Nicholas" is a statement that is not notarized and was not made under oath. Document No. 27 entitled "Declarations [sic] Daniel Henderickson [sic]" purports to be an Affidavit made under oath, but it is not notarized and is not made under penalty of perjury. These documents have not been considered by the Court in the instant Motion to Dismiss because the documents are outside the pleadings in this matter.

[4] After Defendants answered the Amended Complaint they were prohibited from bringing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

CASE 0:07-cv-03413-MJD-SRN   Document 33   Filed 02/23/09   Page 5 of 10

Civ. P. 8(a)(2). This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). On a motion to dismiss or motion for judgment on the pleadings, a court must assume that all the facts alleged in the complaint are true and generally construe the complaint in the light most favorable to the plaintiff. Id.; Benton v. Merrill Lynch Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008); Ashley County, 552 F.3d at 665.

A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion to dismiss, however, the complaint must allege facts which raise more than a speculative right to relief. Benton, 524 F.3d at 870 (8th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal is appropriate. Id.

### B. Whether Plaintiff Has Asserted Individual Capacity Claims Under § 1983

Defendants contend that this Court should dismiss Plaintiff's Amended Complaint because the Court must assume the Defendants were sued solely in their official capacities and therefore, Plaintiff's claims would be barred by the Eleventh Amendment. This Court disagrees.

Governmental officials may be sued under section 1983 in their official capacity, individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). In a section 1983 action, the general rule in the Eighth Circuit is that the Plaintiff must clearly indicate whether he or she is suing the defendants in their official

capacities or individual capacities. Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989). When a plaintiff does not articulate the capacity in which he or she intends to sue the defendants, case law directs the district court to presume that the defendants are being sued only as government officials. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007); Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). This rule has been applied to pro-se plaintiffs, even though pro-se complaints are to be construed liberally. Bailey v. County of Kittson, No. 07-cv-1939, 2008 WL 906349, *5 (D. Minn. March 31, 2008) (citing Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Taylor v. Roper, 83 Fed. Appx. 142, 143 (8th Cir. 2003) (unpublished)).

If government officials, however, have notice that they are being sued individually, courts have interpreted section 1983 complaints to include allegations against the defendants in their individual capacities, even when the complaint does not state so specifically. See e.g. Kirk v. Erickson, 989 F.2d 505, 1993 WL 53167, *1 (8th Cir. 1993) (table decision) (citing Shockley v. Jones, 823 F.2d 1068, 1071 (7th Cir. 1987) (reversing dismissal of suit because defendants had sufficient notice they were being sued as individuals and defendants did not assert lack of notice); Jackson v. Crews, 873 F.2d 1105, 1107 (8th Cir. 1989) (concluding complaint gave defendant notice he was being sued in his individual capacity); Roth v. Larson, No. 06-cv-4574, 2008 WL 4527831, *11 (D. Minn. Sept. 30, 2008) (presuming defendants in 1983 action were sued in individual capacity because "all of the factual allegations in the Complaint surround the individual actions of the defendants" and the plaintiff sought monetary and

punitive damages from the individuals); Hansen v. Tietz, No. 03-cv-969, 2004 WL 812977, *3-4 (D. Minn. April 12, 2004) (finding plaintiff sued defendants in both individual and official capacities because defendants had notice); Miskovich v. Indep. Sch. Dist. 318, 226 F. Supp. 2d 990, 1014 (D. Minn. 2002) (allowing plaintiff to amend complaint to assert individual capacity claims against defendants because defendants had notice); Helseth v. Burch, 109 F. Supp. 2d 1066, 1073-74 (D. Minn. 2000), (overruled on other grounds by Helseth v. Burch, 258 F.3d 867, 870 (8th Cir. 2001)) (determining complaint gave defendant notice he was being sued in his individual capacity, even though phrase "individual capacity" did not appear in complaint).

Because the defense of qualified immunity is not available to employees sued in their official capacities, Courts have concluded that defendants had notice that they were being sued in their individual capacities when the defendants plead qualified immunity as an affirmative defense. Kirk, 1993 WL 53167 at *1; Hansen, 2004 WL 812977 at *4; Miskovich, 318 F. Supp. 2d at 1014 (citing Johnson, 172 F.3d at 535); Helseth, 109 F. Supp. 2d at 1073; Young v. Minn. Dept. of Corr. at Rush City, No. 05-cv-454, 2006 WL 2670030, *5 (D. Minn. Sept. 18, 2006). Likewise, a plaintiff's assertion of a claim for punitive damages against a defendant shows the suit is against the government official in his or her individual capacity because punitive damages are not available against government entities. Kirk, 1993 WL 53167 at *1 (citing Shabazz v. Coughlin, 852 F.2d 697, 700 (2d Cir. 1988)); Roth v. Larson, 2008 WL 4527831 at *11; Cornelious v. Brubaker, No. 01-cv-1254, 2003 WL 21511125, *5 (D. Minn. June 25, 2003) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748,

7

69 L.Ed.2d 616 (1981)); Helseth, 109 F. Supp. 2d at 1073; Young, 2006 WL 2670030 at *5.

Admittedly, Plaintiff's Amended Complaint does not expressly state whether he is suing the Defendants in their official capacity, individual capacity, or both.  The Court is satisfied, however, that Plaintiff intended to assert his 1983 claims against the Defendants individually and that Defendants had notice of such intent.  Plaintiff asserted a claim for punitive damages against the Defendants.  (Amended Complaint, Docket No. 15 at p. 3).  Defendants asserted qualified immunity as an affirmative defense in their answer to the Amended Complaint.  (Answer, Docket No. 21 at p. 5).  Defendants have not asserted that they lacked notice of Plaintiff's intent to sue them in their individual capacities.  Therefore, the Court concludes that Plaintiff's Amended Complaint asserts his section 1983 claims against Defendants in both their official and individual capacities.

### C. Whether Plaintiff's Claims Against Defendants in Their Official Capacities Must Be Dismissed

To the extent Plaintiff's Amended Complaint asserts a claim against the Defendants in their official capacities, the claim must be dismissed.  The Eleventh Amendment grants a state immunity from suits brought in federal court by its own citizens, as well as, citizens of another state.  U.S. Const. Amend. XI; Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 (8th Cir. 1999).  A state, however, can waive its Eleventh Amendment immunity.  Alsbrook, 184 F.3d at 1005.  A suit against a government official in his or her official capacity is considered a suit against the entity of which the officer is an agent.  Baker, 501 F.3d at 925 (citing Monell v. Dep't of Social

Services, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).  The law is clear that, "the real party in interest in an official capacity suit is the governmental entity and not the named official."  Baker, 501 F.3d at 925 (quoting Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1999)).

Plaintiff's Amended Complaint alleges violations of 42 U.S.C. § 1983, the federal civil rights statute that allows citizens to seek relief for alleged violations of their federal constitutional rights.  It is well-settled that in a 42 U.S.C. § 1983 action, the Eleventh Amendment precludes an award of money damages against a state official acting in his or her official capacity.  Will v. MI. Dept. of State Police, 491 U.S. 58, 66-67, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1998); Edelman, 415 U.S. at 662-63; Larson v. Kemper, 414 F.3d 936 (8th Cir. 2005).  A plaintiff may maintain an action against a government official if the complaint seeks only injunctive or prospective relief.  Edelman, 415 U.S. at 663; Grand River Enterprises Six Nations, Ltd. v. Beebe, 467 F.3d 698, 701-02 (8th Cir. 2006).

The State of Minnesota has not waived its immunity and consented to be sued in this case.  Plaintiff's prayer for relief seeks only monetary damages, not injunctive relief. (Amended Complaint, Docket No. 15 at p. 3).  Under the Eleventh Amendment, Plaintiff cannot maintain his section 1983 action against the Defendants in their official capacities.  To the extent Plaintiff asserts a claim against Defendants in their official capacities, the claim should be dismissed.

## IV. CONCLUSION

Defendants had notice of Plaintiff's intent to sue them individually and the Complaint should be read to state claims against Defendants in both their individual and

official capacities. However, Defendants are immune from suit in their official capacities under the Eleventh Amendment.

## V.     RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, IT IS RECOMMENDED that Defendant's Motion to Dismiss be **GRANTED in part** and **DENIED in part** as follows:

1.  Plaintiff's claims against Defendants in their official capacities should be dismissed; and

2.  Plaintiff's claims against Defendants in their individual capacities should be allowed to proceed, without prejudice to any defenses Defendants may later seek to raise.


Dated:   February 23, 2009

                            s/ Susan Richard Nelson
                            SUSAN RICHARD NELSON
                            United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 5, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.