UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lloyd McKenzie,

      Plaintiff,

    v.                           ORDER
                                    Civil No. 07-3413 (MJD/SRN)

Dean Frokjer, Jerry Holeman,
Steve Larson, Zdenek Korinek,
Jeff Vars, Chris Ide and Stephanie
Hanson,

      Defendants.

_____

The above-entitled matter comes before the Court upon Defendants'

objection to the Report and Recommendation of United States Magistrate

Judge Susan Richard Nelson dated February 23, 2009.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the

record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review the

Court will adopt in part the Report and Recommendation dated February

23, 2009.

In the Report and Recommendation, the Magistrate recommended

that the claims asserted against the named defendants in their official

capacity be dismissed.  The Court will adopt this recommendation.

The Magistrate also found that the Plaintiff had sufficiently pleaded that he was suing the named defendants in their individual capacities, because the Plaintiff has asserted a claim for punitive damages, and because the defendants included the affirmative defense of qualified immunity in their Answer, which cannot be raised with respect to official capacity claims.

The Eighth Circuit has adopted a very strict pleading standard with respect to bringing an action against a public official in his/her individual capacity.  See Murphy v. State of Arkansas, 127 F.3d 750 (8th Cir. 1997) (relying on Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) and Egerdahl v. Hibbing Cmty Coll., 72 F.3d 615 (8th Cir. 1995)).  It is not enough that a defendant may have had notice they were being sued in their individual capacities based on defenses asserted.

> [W]e do not require that personal capacity claims be clearly-pleaded simply to ensure adequate notice to defendants.  We also strictly enforce this pleading requirement because "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. . . Although other circuits have adopted a more lenient pleading rule . . . we believe that our rule is more consistent with the Supreme Court's Eleventh Amendment jurisprudence.  In any event, we are bound by *Egerdahl* and *Nix.*

Murphy, 127 F.3d at 755.

Based on this strict pleading standard, the Court cannot find that Plaintiff has adequately plead personal capacity claims.  There is no indication at all in his Amended Complaint that includes reference to personal capacity claims.  The Court will, however, provide the Plaintiff one opportunity to amend his complaint to appropriately plead personal capacity claims.

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss [Doc. No. 30] is GRANTED in part and DENIED in part.  The Plaintiff's claims against Defendants in their official capacities are DISMISSED with prejudice.  Plaintiff may amend his complaint within thirty (30) days of the date of this Order in order to appropriately plead that he is suing the Defendants in their individual capacities.

Date:  May 15, 2009          s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court